UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RONALD G. LOEBER, WILLIAM E. BOMBARD,
WILLIAM A. GAGE, JOHN-JOSEPH FORJONE,
H. WILLIAM VAN ALLEN, FAIRLENE G.
RABENDA, ROY-PIERRE DETIEGE-CORMIER,
RONALD E. SACOFF, GABRIEL RASSANO,
EDWARD M. PERSON, JR., CHRISTOPHER
EARL STRUNK, and AD HOC NEW YORK
STATE CITIZENS FOR CONSTITUTIONAL
LEGISLATIVE REDISTRICTING,

         Plaintiffs,

     v.              1:04-CV-1193
                      (LEK/RFT)

THOMAS J. SPARGO, individually and as
Justice of the NYS Supreme Court; JOSEPH
L. BRUNO; 61 JOHN AND JANE DOE
NYS SENATORS, all individually and as state
senators past and present; SHELDON SILVER;
149 JOHN AND JANE DOE NYS ASSEMBLY
MEMBERS, all individually and as past and
present; GEORGE E. PATAKI, individually
and as NYS Governor; RANDY A. DANIELS,
NYS Secretary of State with authority and
repository for corporations and unincorporated
associations service; ELIOT SPITZER, per
CPLR 1012, New York State Attorney General;
NATIONAL ASSOCIATION OF SECRETARIES
OF STATE "NASS"; LESLIE REYNOLDS,
Executive Director for the Executive Committee;
PETER KOSINSKI, individually and in his official
capacity at the NASS; and JOHN ASHCROFT, per
28 USC 2403, the United States Attorney General,

         Defendants.

---

**APPEARANCES**                                                          **OF COUNSEL**

**RONALD G. LOEBER**
Altamont, New York 12009
Plaintiff *pro se*

**WILLIAM E. BOMBARD**
Glens Falls, New York 12801
Plaintiff *pro se*

**WILLIAM A. GAGE**
Hampton, New York 12837
Plaintiff *pro se*

**JOHN-JOSEPH FORJONE**
Clarendon, New York 14429
Plaintiff *pro se*

**H. WILLIAM VAN ALLEN**
Hurley, New York 12443
Plaintiff *pro se*

**FAIRLENE G. RABENDA**
Poughkeepsie, New York 12603-5606
Plaintiff *pro se*

**ROY-PIERRE DETIEGE-CORMIER**
Brooklyn, New York 11213
Plaintiff *pro se*

**RONALD E. SACOFF**
Staten Island, New York 10312
Plaintiff *pro se*

**GABRIEL RASSANO**
Freeport, New York 11520
Plaintiff *pro se*

**EDWARD M. PERSON, JR.**
Plaintiff *pro se*

**CHRISTOPHER EARL STRUNK**
Brooklyn, New York 11238
Plaintiff *pro se*

**SCULLIN, Chief Judge**

## ORDER

Although District Judge Kahn is the assigned judge for this matter, one of the Plaintiffs, Christopher Earl Strunk, sent a letter directly to the undersigned in which he requested reassignment of this case to a different district judge.[1]  *See* Letter from Christopher Earl Strunk, dated September 5, 2005, at 1.[2]  Specifically, Mr. Strunk sought the recusal of Judge Kahn "from the above referenced redistricting gerrymandering injury case under 28 USC 455." *See id.*[3]

By Decision and Order dated October 29, 2004, Judge Kahn *sua sponte* dismissed this action on the ground that Plaintiffs had not met the constitutional requirement that their claims presented a case or controversy. *See* Dkt. No. 5 at 4. Specifically, he found that Plaintiffs had alleged violations of the law that had not yet occurred and that none of these allegations had,

---

[1] In his letter, Mr. Strunk states that he is "a Plaintiff pro se without being an attorney in the referenced case, and as such I have been elected by the other Plaintiffs, who each is representative of a class of Eligible Voters ("EVs") as the PEOPLE resident within a municipal entity with *Bottom-up* guarantee of suffrage and autonomy being denied there . . . ." *See* Letter, dated September 5, 2005, at 1 (footnote omitted).

[2] Mr. Strunk did not send a copy of his letter to Judge Kahn. He did, however, send copies to the Clerk of the Court, Defendants' Counsels, Plaintiffs, The Honorable Michael A. Cardozo, Esq. – Corporation Counsel of the City of New York. *See* Letter, dated September 5, 2005, at 6. He also sent copies of this letter to the following people "[f]or the[ir] information": The Honorable District Judge Jack B. Weinstein, The Honorable District Judge Norman A. Mordue, Counsels for Parties in the Arbor Hill Case (over which Judge Mordue apparently presided), and Joel Graber, NYS Assistant Attorney General. *See id.*

[3] Although he does not explicitly say so, it appears to the Court that Mr. Strunk's request stems from his belief that Judge Kahn's previous actions in this case indicate a bias on his part against Plaintiffs' claims.

thus, ripened into a controversy. *See id.* He also concluded that Defendants were not the proper parties to the action and that Plaintiffs had not joined other necessary parties. *See id.* (citation omitted).

On November 1, 2004, Plaintiffs filed a Notice of Appeal from that Decision and Order and the accompanying Judgment. *See* Dkt. No. 9. By Summary Order dated August 13, 2005, the United States Court of Appeals for the Second Circuit dismissed the appeal in part, vacated Judge Kahn's judgment in part and remanded the case, and denied several motions that Plaintiffs had filed in that court. *See* Dkt. No. 19 at 2.[4] Specifically, the Second Circuit dismissed the appeal with respect to the claims related to the November 2004 election because they were moot. *See id.* at 3. With regard to the remainder of Plaintiffs' claims, however, after noting that "the district court failed to present any discussion as to its decision to dismiss" those claims and noting that "[t]he complaint . . ., while prolix and burdensome both for the court and for appellees, can nonetheless be read and comprehended to plead at least some claims that are not frivolous on their face," the Second Circuit "vacate[d] the district court's order as to the redistricting claims and remand[ed] with instructions to permit the filing of an amended complaint that omits unnecessary detail." *See id.* (citation omitted).[5] Moreover, the Second Circuit instructed the district court that it

> should . . . be mindful of the requirements of 28 U.S.C. § 2284, and that its inquiry regarding whether to refer the matter to a three-

---

[4] Although the Second Circuit issued its Summary Order on August 13, 2005, it did not issue the Order as a Mandate until September 13, 2005. *See* Dkt. No. 19.

[5] The Second Circuit also reminded the district court that it "should be mindful of [the Circuit's] well-established principle that pro se complaints are to be construed liberally." *See* Dkt. No. 19 at 3.

> judge panel is limited to 1) "whether the constitutional question raised is substantial"; 2) "whether the complaint at least formally alleges a basis for equitable relief"; and 3) "whether the case presented otherwise comes within the requirements of the three-judge statute."

*See id.* (quotation omitted).

Finally, the Second Circuit noted that it "ha[d] reviewed [Plaintiffs'] additional arguments concerning judicial bias and lack of notice of the October 2004 order to show cause hearing, and f[ou]nd them to be without merit." *See id.*

In compliance with the Second Circuit's mandate, Judge Kahn issued an Order dated September 22, 2005, in which he directed Plaintiffs to file an amended complaint within sixty days of the Order or the court would dismiss the action. *See* September 22, 2005 Order at 2. Judge Kahn also advised Plaintiffs that their amended complaint had to comply "with the requirements of **Federal Rule of Civil Procedure 8(a)(2)** in omitting unnecessary detail . . . ." *See id.* He also instructed Plaintiffs that if they "request[ed] a three-judge court [in their amended complaint], pursuant to **29 U.S.C. § 2284**, [their] pleadings shall conform with **Northern District Local Rule 9.1** . . . ." *See id.* Finally, Judge Kahn advised the parties that,

> if Plaintiffs should file an amended complaint seeking a three-judge court, all parties to this action, within **THIRTY (30) DAYS** of the filing of said amended complaint by Plaintiffs, shall submit briefing that addresses whether there is a need for a three-judge panel to consider the issues in this case pursuant to the provisions of **28 U.S.C. § 2284**. Said briefing shall conform with the requirements of **Northern District Local Rules 9.1 and 10.1(a) & (b)**, and shall not exceed **TEN (10) PAGES** in length . . . .

*See id.*

Accordingly, in light of the fact that Judge Kahn's September 22, 2005, provides

Plaintiffs with an opportunity to amend their complaint – which is, in a nutshell, the relief that they seek – and that the Court finds that Plaintiffs have presented absolutely no evidence of any bias on Judge Kahn's part with respect to their claims, the Court hereby

**ORDERS** that Plaintiffs' request for reassignment of this matter to a different judge is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiffs and serve a **courtesy** copy of this Order on the following attorneys who, according to the Second Circuit's Summary Order, *see* Dkt. No. 19, appeared on Defendants' behalf in opposition to Plaintiffs' appeal

> Jennifer Grace Miller, Assistant Solicitor General
> Daniel Smirlock, Deputy Solicitor General
> Office of the New York State Attorney General –
> Appeals and Opinions Division
> The Capitol
> Albany, New York 12224;

and the Court further

**ORDERS** that either Ms. Miller or Mr. Smirlock or another attorney in their Office shall either file a Notice of Appeal on behalf of Defendants within **FIFTEEN DAYS** of this Order if they intend to continue to represent Defendants in this action or notify the Court whether Defendants will be proceeding *pro se* or whether they will be represented by other counsel.

**IT IS SO ORDERED.**

Dated: October 4, 2005
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Chief United States District Court Judge