UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD G. LOEBER, et al,

                              Plaintiffs,

        v.                                        1:04-CV-1193 (LEK/RFT)

THOMAS J. SPARGO, et al.,

                              Defendants.

_____

LAWRENCE E. KAHN
Senior United States District Judge

### DECISION and ORDER

        On October 15, 2004, Plaintiffs filed a Complaint asserting various constitutional

violations arising out of the Help America Vote Act, Pub. L. No. 107-252, 116 Stat. 1666, 42

U.S.C. § 15301-15545 (2002) ("HAVA") and, as best as the Court can decipher, the means

by which New York reapportioned its legislative and judicial districts in April 2002.  Among

other things, Plaintiffs appear to claim that Defendants wrongfully counted the voting age

population, rather than using the citizen voting age population, thereby using imprecise

numbers in redistricting and determining eligibility for funds under the HAVA.

        On October 29, 2004, this Court dismissed the Complaint.  On appeal, the Second

Circuit dismissed all election claims pertaining to the November 2004 elections and rejected

Plaintiffs' claims of judicial bias.  The Second Circuit remanded the case with respect to the

redistricting claims "with instructions to permit the filing of an amended complaint that omits

unnecessary detail."  The Circuit also directed this Court to consider whether this case

necessitated a three judge panel pursuant to 28 U.S.C. § 2284.

On November 21, 2005, Plaintiffs filed an Amended Complaint.  Shortly thereafter, Plaintiffs filed a motion for injunctive relief.  That motion is pending. Also, pending before the Court are Motions to dismiss filed by the federal and City of New York Defendants.  Dkt. Nos. 64,65.

## I.      STANDARD OF REVIEW

As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations, alterations and citations omitted).

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. at 1965 n.3.  "'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'"  Id. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L.Ed.2d 723 (1983)).

As the Second Circuit has elaborated, "the [Supreme] Court's explanation for its holding [in Bell Atlantic] indicated that it intended to make some alteration in the regime of pure notice pleading that had prevailed in the federal courts ever since Conley v. Gibson, 355 U.S. 41, (1957). . . . [T]he [Supreme] Court expressly disavowed the oft-quoted statement in Conley of 'the accepted rule that a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007). Thus, to survive a Rule 12 motion, Plaintiffs must pass the "'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Id. at 157-58.

With this standard in mind, the Court will now address the pending motions.

## II.    DISCUSSION

### a.    Three-Judge Panel

In accordance with the Second Circuit's Mandate, the Court must first address whether it is necessary to convene a three-judge panel pursuant to 28 U.S.C. § 2284(a). That section provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). "When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determine whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715 (1962) (discussing pre-1976 version of § 2284).

A single judge "in the first instance may consider those claims that do not require three judges and then call for the convening of a three-judge court only if the claims he has initially considered do not dispose of the case." 17A C. Wright & A. Miller, Federal Practice and Procedure § 4235, at 223 (2007). A single judge may dismiss a claim if the claim is

insubstantial.  <u>Bailey v. Patterson</u>, 369 U.S. 31 (1962).  A "single judge can also dismiss if the plaintiff lacks standing or the suit is otherwise not justiciable in the district court."  17A C. Wright & A. Miller, Federal Practice and Procedure § 4235, at 213 (2007); <u>see</u> <u>also</u> <u>Long v. District of Columbia</u>, 469 F.2d 927, 930 (D.C. Cir. 1972); <u>Puerto Rico Intern. Airlines, Inc. v. Colon</u>, 409 F. Supp. 960, 966 (D. P.R. 1975) ("[S]tanding . . . is a ground upon which a single judge can decline to convene a three judge court and order dismissal of the complaint. . . ."); <u>Am. Commuters Ass'n v. Levitt</u>, 279 F. Supp. 40, 45-46 (S.D.N.Y. 1967).

Plaintiffs first challenge the funding scheme under the HAVA.  HAVA was passed in 2002 to improve the administration of elections for federal office.  HAVA "was enacted in response to problems identified during the 2000 presidential election, and requires, inter alia, that states create and maintain a computerized statewide voter registration list and create a provisional ballot system for people whose names do not appear on a particular polling station list."  <u>Espada v. New York Bd. of Elections</u>, 2007 WL 2588477 (S.D.N.Y. 2007). HAVA authorizes financial assistance to states to improve the administration of elections, improve election systems, educate voters, train election officials, improve accessibility to elections systems, etc.  42 U.S.C. § 15301.

Title I of HAVA provides for payments to states for election administration improvements and replacement of punch card and lever voting machines.  <u>See</u> 42 U.S.C. §§ 15301-15306.  The amount of money provided to states under Title I is based, in part, upon the census determination of the "voting age population of the State."  42 U.S.C. § 15301(d). Title II established the Election Assistance Commission to serve as a national clearinghouse and resource for the compilation of information and review of procedures with respect to the administration of federal elections. <u>See</u> 42 U.S.C. §§ 15321-15472.  Certain funding is

available under Title II which, again, is based, in part, upon "voting age population of the State" as determined by the census.  42 U.S.C. § 15402.  Title III establishes certain minimum requirements for the administration of federal elections.  42 U.S.C. §§ 15481-15512.  The requirements imposed by Title III are unrelated to whether a state receives funding under Titles I or II.  See, e.g., 42 U.S.C. § 15481(a) ("Each voting system used in an election for Federal office shall meet the following requirements. . . .").  Under Title IV, 42 U.S.C. §§ 15511-15512, the "Attorney General may bring a civil action against any State or jurisdiction . . . for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 15481, 15482, and 15483 of this title [the Title III minimum requirements for the administration of federal elections]."

Nothing about HAVA, or Plaintiffs' claims thereunder, implicate the three-judge panel requirement under 28 U.S.C. § 2284.  HAVA is unrelated to the apportionment of congressional districts or the apportionment of any statewide legislative body and no other act of Congress otherwise requires Plaintiffs' HAVA-related claims to be heard by a three-judge court.  Further, for reasons to be discussed, the Court finds that Plaintiffs lack standing to assert claims under HAVA and their claims fail to state a claim upon which relief can be granted.

Plaintiffs do, however, assert claims concerning the constitutionality of New York's April 2002 redistricting plan.  Section 2284 expressly requires a three-court judge for claims "challenging the constitutionality of the apportionment of congressional districts or . . . any statewide legislative body."  Thus, Plaintiffs' claims appear to fall squarely within § 2284's requirement of a three judge panel.  The federal defendants assert that a three-judge panel

is not necessary because Plaintiffs' claims are insubstantial.  "A constitutional question is

insubstantial only if prior decisions render the issue inescapably frivolous and leave no room

for any inference of controversy."  Loeber v. Spargo, 04-5720-cv, at p.3 (2d Cir. Aug. 15,

2005) (citing Goosby v. Osser, 409 U.S. 512, 518 (1973)).  The federal defendants' motion

sheds little light on the substantiality of Plaintiffs' apportionment claim.  It does not cite to any

prior decisions that render Plaintiffs' Amended Complaint inescapably frivolous.  Further, the

federal defendants were not involved in New York's redistricting plan and, thus, have little

knowledge concerning these claims.

      The Court does note, however, there are insufficient factual allegations in the

Amended Complaint concerning the federal or City of New York Defendants to assert a

plausible claim that they were involved in the State of New York's 2002 apportionment

scheme.  As will be discussed, prior decisions make it inescapably clear that to be held

accountable in a 42 U.S.C. § 1983 action, the named defendant must have had some

involvement in the alleged constitutional or statutory deprivation.  Absent any factual

allegations of involvement by the federal or City of New York Defendants in the 2002

apportionment, the claims against them are frivolous and leave no room for any inference of

controversy.  Accordingly, a three judge court is not necessary to dismiss the apportionment

claims as to these Defendants.

      The state defendants, on the other hand, were involved in the apportionment plan

and are the appropriate parties to address the substantiality and merits of these claims.  The

state defendants have not moved to dismiss the Amended Complaint and have not otherwise

addressed the applicability of § 2284.  Because the constitutionality of the redistricting plan is

not before the Court in connection with the pending motions and the state defendants have

not yet been heard on this issue, the Court defers decision on whether the redistricting-related claims require a three-judge court until such issues are squarely presented for adjudication and the state defendants have an opportunity to be heard on the issue.

      **b.**     **<u>Standing</u>**

      Having found that a three judge panel is not necessary at this time, the Court proceeds to review the pending motions.  Defendants claim that Plaintiffs lack standing to assert claims under HAVA and that their claims otherwise fails to state a claim upon which relief may be granted.

      As the Supreme Court recently stated:

> Federal courts must determine that they have jurisdiction before proceeding to the merits.  <u>Steel Co. v. Citizens for Better Environment</u>, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998).  Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."  One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability.  <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992).  "We have consistently held that a plaintiff raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy."  <u>Id.</u>, at 573-574, 112 S. Ct. 2130.  <u>See</u> <u>also</u> <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. ----, ----, 126 S. Ct. 1854, 1862, 164 L.Ed.2d 589 (2006) (refusing to create an exception to the general prohibition on taxpayer standing for challenges to state tax or spending decisions, and observing that taxpayer standing has been rejected "because the alleged injury is not 'concrete and particularized,' but instead a grievance the taxpayer 'suffers in some indefinite way in common with people generally' " (citation omitted)).

<u>Lance v. Coffman</u>, 127 S. Ct. 1194, 1196 (2007).

      In their Amended Complaint, Plaintiffs appear to express dissatisfaction with the passage of HAVA, the funding mechanism established thereunder, and the amount of

monies received by the State of New York.  Plaintiffs also may be contending that HAVA

constitutes an unfunded mandate on the State of New York.[1]

The Election Clause of the United States Constitution provides that "[t]he Times,

Places and Manner of holding Elections for Senators and Representatives, shall be

prescribed in each State by the Legislature thereof; but the Congress may at any time by

Law make or alter such Regulations, except as to the Places of chusing Senators."  U.S.

Const. art 1. § 4.  HAVA is a law that imposes certain requirements upon states with respect

to the elections for senators and representatives.  Under the Election Clause, New York was

required to implement HAVA's requirements.  This is so regardless of whether HAVA's

mandates may be unfunded.  See Assoc. of Comm. Org. for Reform Now v. Miller, 129 F.3d

833, 837 (6th Cir. 1997); Assoc. of Comm. Org. for Reform Now v. Edgar, 56 F.3d 791, 794

(7th Cir. 1995); see also Smiley v. Holm, 285 U.S. 355, 366-67 (1932) (noting that "[i]t cannot

be doubted that these comprehensive words [in Article I § 4] embrace authority [in Congress]

to provide a complete code for congressional elections, not only as to times and places, but

in relation to notices, registration, supervision of voting, protection of voters, prevention of

fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and

making and publication of election returns; in short, to enact the numerous requirements as

to procedure and safeguards which experience shows are necessary in order to enforce the

fundamental right involved. . . . The phrase 'such regulations' plainly refers to regulations of

the same general character that the legislature of the State is authorized to prescribe with

---

[1] It is extremely difficult to decipher from Plaintiffs' Amended Complaint what their claims are and which Defendants are the subject of particular claims.

respect to congressional elections.  In exercising this power, the Congress may supplement these state regulations or may substitute its own.").

While Plaintiffs appear to suggest that New York has been denied certain funding under HAVA, Plaintiffs are not acting on behalf of, and do not have the right to asserts claims on behalf of, the State of New York.  Further, Plaintiffs have failed to articulate any injury sustained by them because of New York's failure to receive certain federal funds.  There are no allegations that they have been unable to vote, that their votes have otherwise been diminished because of the non-receipt of funding under HAVA, or that they have been subjected to discriminatory or otherwise unfair registration laws or procedures in the context of any federal election.  In Sandusky County Democratic Party v. Blackwell, 387 F.3d 565 (6th Cir. 2004), by contrast, the Sixth Circuit held that the plaintiffs had standing to assert claims under 42 U.S.C. § 15482 (HAVA Title III § 302) because they were asserting their individual rights under HAVA to cast provisional ballots - something for which HAVA specifically provides.  See 42 U.S.C. § 15482 ("If an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote . . . but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote, such individual shall be permitted to cast a provisional ballot. . . .").  Here, Plaintiffs are not asserting any such clear, individual right under HAVA.  Rather, they are challenging the general funding scheme thereunder.  Espada, 2007 WL 2588477, at *4.

More importantly, any allegation that Plaintiffs have been injured as a result of HAVA's funding scheme is implausible because New York's receipt of funding thereunder is irrelevant to Plaintiffs' voting rights.  New York is required to implement HAVA's minimum

standards regardless of whether it applied for, and received, HAVA monies. See 42 U.S.C. §§ 15481-15485. Finally, there is no basis upon which to conclude that HAVA created a private cause of action with respect to the administration of funds authorized under the Act. See Paralyzed Veterans of Am. v. McPherson, 2006 WL 3462780 (N.D. Cal. 2006). Plaintiffs are unable to demonstrate any injury resulting from the passage of the HAVA or the funding mechanism established thereunder, causation between any alleged injury and the HAVA funding mechanism, or redressability. Accordingly, Plaintiffs do not have standing to assert any claims under HAVA, and have failed to state a claim upon which relief can be granted. Accordingly, all claims brought under HAVA are DISMISSED.[2]

      **c.**    **City of New York and Federal Defendants' Motion to Dismiss the Apportionment Claims**

The federal and City of New York Defendants move to dismiss the apportionment claims against them on the ground that they had no involvement in any of the complained of actions. A defendant in a case brought pursuant to 42 U.S.C. § 1983 can only be held responsible for constitutional deprivations caused by its acts or failures to act. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (requiring personal involvement as a prerequisite to an award of damages under 42 U.S.C. § 1983); Reynolds v. Giuliani, 506 F.3d 183, 190 (2d Cir. 2007); Wray v. City of New York, 490 F.3d 189 (2d Cir. 2007); Zahrey v. Coffey, 221 F.3d 342, 349-352 (2d Cir. 2000) (discussing causation in § 1983 claims). To be held

---

[2] Plaintiffs' motion for a preliminary injunction is denied because: (1) it is moot (it sought to enjoin certain 2006 deadlines which have now passed), see Independence Party of Richmond County v. Graham, 413 F.3d 252, 256 (2d Cir. 2005); and (2) it is predicated upon HAVA. As discussed, the Court has found that Plaintiffs do not have standing to assert claims under HAVA and have failed to state a claim upon which relief can be granted.

accountable, the defendant must have been involved in causing the claimed constitutional violation.  Id.

The Amended Complaint asserts claims concerning New York's 2002 redistricting plan.  There are no factual allegations linking the federal or City of New York Defendants to the apportioning of districts throughout New York State.  Accordingly, any constitutional claims against these Defendants concerning the apportionment claims are not plausible and must be dismissed.[3]

### d.        Cross-Motion to Change Venue

Plaintiffs cross-move to change venue to the Western District of New York where a similar action was pending.  This motion must be denied because: (1) venue is appropriate in this District, see 28 U.S.C. § 1391(b), (2) there is no basis for a transfer under 28 U.S.C. § 1404; (3) although an identical action was pending in the Western District of New York, this action was filed first, see Kellen Co., Inc. v. Calphalon Corp., 54 F. Supp.23 218, 221 (S.D.N.Y. 1999), and Plaintiffs have failed to articulate an exception to the "first filed" rule; and (4) the Western District of New York transferred venue of its case to this District and, thus, there is no longer any related action pending in the Western District of New York.

---

[3] For similar reasons the Amended Complaint must be dismissed as to Defendant National Association of Secretaries of State.  There are no allegations of any involvement by this Defendant in any of the conduct alleged in the Amended Complaint.

Although Plaintiffs make reference in their Amended Complaint to the False Claims Act, 31 U.S.C. § 3729, the reason for this reference is unintelligible.  There are insufficient factual allegations in the Amended Complaint making a False Claims Act claim plausible.  Accordingly, all claims against the federal defendants and all claims under the False Claims Act must be dismissed.

**III.**      **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED**, that the federal defendants' motion to dismiss the Amended Complaint against it in its entirety is **granted**; and it is further

**ORDERED**, that all claims predicated upon the HAVA are **dismissed**; and it is further

**ORDERED**, that all claims against the City of New York are **dismissed**; and it is further

**ORDERED**, that all claims under the False Claims Act and all claims against the National Association of Secretaries of State are **dismissed**; and it is further

**ORDERED**, that unless Plaintiffs name and properly serve the John and Jane Doe Defendants within thirty days of the date of this Order, this action shall be dismissed as to them; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties

**IT IS SO ORDERED.**

Dated:      January 08, 2008
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

- 12 -