UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

RONALD G. LOEBER, *et al.*,

                Plaintiffs,

  -against-                            1:04-CV-1193
                                                    (LEK/RFT)

THOMAS SPARGO, individually and as Justice of
the NYS Supreme Court, *et al.*,

                Defendants.

## ORDER

      Presently before the Court is a Motion to Dismiss the Amended Complaint, filed by Defendants Thomas J. Spargo, Joseph L. Bruno, the State Senate, Sheldon Silver, the State Assembly, George E. Pataki, Randy A. Daniels, Eliot Spitzer and all members of the NYS Senate and Assembly previously named therein as John and/or Jane Doe's ("State Defendants") on April 9, 2008, seeking dismissal of the Amended Complaint in its entirety and denial of Plaintiffs' request for a three-judge panel under 28 U.S.C. § 2284. Dkt. No. 98. As per the Court's January 8, 2008 Decision, the State Defendants are the only Defendants remaining in this action. Dkt. No. 81.

**I.    Background**

      On October 15, 2004, *pro se* Plaintiffs filed a Complaint asserting, among other things, various constitutional violations arising out of the Help America Vote Act ("HAVA") ( Pub. L. No. 107-252, 116 Stat. 1666, 42 U.S.C. §15301-15545 (2002)). Dkt. No. 1. On October 29, 2004, the Court dismissed the Complaint. Dkt. No. 5. On appeal, the Second Circuit, *inter alia*, dismissed all claims pertaining to the November 2004 elections, but remanded "the redistricting claims" including

1

the issue of whether the case should be referred to a three-judge panel pursuant to 28 U.S.C. §2284. Dkt. No. 19.

Plaintiffs then filed the Amended Complaint, bringing forth fourteen (14) causes of action under HAVA and various other statutes, including 42 U.S.C. §§1983 and 1985. Dkt. No. 25. In addition to HAVA claims, Plaintiffs appear to challenge the reapportionment of the State of New York's current legislative, judicial and congressional districts. Id. at ¶29. By Decision and Order dated January 8, 2008, the Court dismissed all claims brought under HAVA and the False Claims Act, denied Plaintiffs' Motion for a preliminary injunction, and dismissed the apportionment claims as against the City of New York and Federal Defendants, as well as the National Association of Secretaries of State. Dkt. No. 81. The Court noted that the constitutionality of the redistricting plan was not yet before the Court at that time and that the State Defendants had not yet been heard on the issue and deferred decision on whether the redistricting claim required a three-judge court. Id. The Court further directed the Plaintiffs to name and properly serve the John and Jane Doe defendants or the action would be dismissed against them. Plaintiffs thereafter served all members of the State Assembly and State Senate.

The State Defendants now seek to dismiss the Amended Complaint pursuant to F.R.C.P. 12(b)(6) and 12(c), as well as F.R.C.P. 8(a). Initially, however, the Court must consider whether it is necessary to convene a three-judge panel under 28 U.S.C. § 2284(a).

**II.   Discussion**

Defendants argue that Plaintiffs have not presented any cognizable constitutional question, that the Plaintiffs lack standing, that the State Defendants are entitled to dismissal on the grounds of legislative immunity and lack of personal involvement, and that the claims remaining in the

2

Amended Complaint do not pass muster under even the liberal standards of F.R.C.P. 8(a).

### A.  Legal Standard

As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations, alterations and citations omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 1965 n.3. "'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" Id. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528, n. 17 (1983)).

Thus, to survive a Rule 12 motion, Plaintiffs must pass the "'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

### B.  Three judge panel

Defendants contend that because Plaintiffs lack standing and have not raised a substantial Constitutional issue, the case should be dismissed without convening a three-judge panel. Under 28 U.S.C. § 2284, "[a] district court of three judges shall be convened when . . . an action is filed

3

challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). First, however, to determine whether a three-judge panel is required, the single judge must inquire (1) "whether the constitutional question raised is substantial"; (2) "whether the complaint at least formally alleges a basis for equitable relief"; and (3) "whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715 (1962).

A single judge may dismiss a claim if the Constitutional claim is insubstantial, Bailey v. Patterson, 369 U.S. 31, 33 (1962), or "if the plaintiff lacks standing or the suit is otherwise not justiciable in the district court." 17A C. Wright & A. Miller, Federal Practice and Procedure §4235, at 213 (2007); see also Long v. District of Columbia, 469 F.2d 927, 930 (D.C. Cir. 1972); Puerto Rican Intern. Airlines, Inc. v. Colon, 409 F.Supp. 960, 966 (D.P.R. 1975) ("[S]tanding . . . is a ground upon which a single judge can decline to convene a three judge court and order dismissal of the complaint"); Am. Commuters Ass'n v. Levitt, 279 F.Supp. 40, 45-46 (S.D.N.Y. 1967)).

**B.    Analysis of Plaintiff's claims**

In turning to the Amended Complaint, the Court is aware that because Plaintiffs are proceeding *pro se*, the Amended Complaint is to be construed liberally. Phillips v. Girdich, 408 F.3d 124, 127-28 (2d Cir. 2005). Initially, the Court notes that the first, fifth, ninth, tenth, eleventh, thirteenth, and fourteenth causes of action allege violations related to HAVA. These claims, however, were dismissed by the Court's Order dated January 8, 2008. Dkt. No. 81.

Plaintiffs' second cause of action (and possibly the sixth cause of action) alleges violation of New York State Constitution Article 3 Section 4 based on New York City's allotment of 26 senate

districts. Not only does this claim rest on an incorrect assumption that New York City is a single county, as opposed to consisting of five separate counties, but Article 3, Section 4 was among the constitutional reapportionment provisions declared unconstitutional in WMCA Inc. v. Lomenzo, 377 US 63 (1963). Accordingly, this claim is hereby dismissed under F.R.C.P. 12(b)(6). A three-judge panel is not required to address this claim or to dismiss it. See Bailey v. Patterson, 369 U.S. at 33 (holding that a three-judge panel is not required "when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking nonexistent.")

Plaintiffs' remaining causes of action (third, fourth, sixth, seventh, eighth, and twelfth) do not comprehensibly refer to any federal provisions that are allegedly violated, and do not even all relate to redistricting or apportionment.[1] The Amended Complaint does not appear to present a discernable reapportionment claim under the federal constitution, such that there is no cause to convene a three-judge panel. Although Plaintiffs claim various injuries including, for example, discrimination[2] (Am. Compl. ¶ 30), "rotten boroughs injury" (¶ 32), and "disproportionate diminished dilution injuries" (¶ 32), the Court is unable to decipher from the Amended Complaint a

---

[1] The seventh cause of action may possibly make a possible gerrymandering claim, but as discussed below, a gerrymandering claim against the 2002 New York redistricting plan is insubstantial based on a prior decision.

[2] This comes from a very liberal construction of the following: "That Plaintiffs as US Citizens are denied equal protection and substantive due process suffer injury to individual Bottom-up suffrage and Homerule autonomy of the PEOPLE within a municipal entity as a firewall against corruption entitled to a respective board of elections therein, suffer infringement of speech in the state legislature the US House, unequal due process in the judiciary and unreasonable unequally reimbursed unfunded financial burden upon New York citizen property differently than that for citizens of the several states, as a taking imposed by unconstitutional provisions of HAVA in the Congressional definition of "Voting Age Person" ("VAP") rather than "Citizen Voting Age Persons" ("CVAP"), is prima facie discrimination evidence proven in related case . . ." Am. Compl. ¶ 30.

5

clear Constitutional claim challenging New York State's 2002 redistricting plan or the connection of any alleged Constitutional violations to any particular acts by the State Defendants. Accordingly, the Amended Complaint may be dismissed without convening a three-judge panel. See e.g., Duckworth v. State Board of Elections, 213 F. Supp. 2d 543 (D.M.D. 2002) (dismissing challenge to Maryland's congressional districting plan without referral to three-judge panel).

In addition, the Court notes that a constitutional question is insubstantial if prior decisions render the issue frivolous and leave no room for any inference of controversy. Goosby v. Osser, 409 U.S. 512, 518 (1973); Bailey v. Patterson, 369 U.S. at 33 (holding that a three-judge panel is not required when "prior decisions make frivolous any claim" of unconstitutionality). The redistricting plan presently challenged by Plaintiffs has already withstood scrutiny under constitutional challenges including one person-one vote, population-based and gerrymandering. Rodriguez v. Pataki, 308 F.Supp.2d 346 (S.D.N.Y.), aff'd, 125 S.Ct. 627 (2004) (granting summary judgment and dismissing complaint because the redistricting plan did not violate the Fourteenth Amendment or the Voting Rights Act, but instead reflected traditional districting principles by maintaining equality of population). That decision upholding the redistricting plan was reached by a three-judge panel and affirmed by the Supreme Court of the United States. Id.

As previously noted, a Court may dismiss a claim if the Constitutional claim is insubstantial, Bailey v. Patterson, 369 U.S. 31. In this case, there is a prior decision finding that the 2002 New York redistricting plan was constitutional. Even with a liberal construction of Plaintiffs' Amended Complaint, there are no possibly comprehensible redistricting claims brought by Plaintiffs that raise a controversy beyond the analysis in the prior decision. In addition, because Plaintiffs' claims, even when liberally construed, do not present a discernable reapportionment claim under the federal

constitution, the Plaintiffs' Constitutional claims are hereby dismissed in their entirety.

### III. Conclusion

Therefore, based on the foregoing, it is hereby

**ORDERED**, that the Defendants' Motion to Dismiss (Dkt. No. 98) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' request for a three-judge panel under 28 U.S.C. §2284(a) (Dkt. No. 104) is **DENIED**; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 25) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED: July 31, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge